UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF TENNESSEE
                   NASHVILLE DIVISION

DANNY LEE BREWER,            )
                             )
        Plaintiff            )
                             )     No. 3:11-0074
v.                           )     Judge Campbell/Brown
                             )     **Jury Demand**
K. BUFORD #495               )
                             )
        Defendant            )

## CASE MANAGEMENT ORDER

**I. Jurisdiction and Venue**

   The Defendant does not dispute the United States District Court for the Middle District of Tennessee is the appropriate venue and has jurisdiction for a cause of action of this nature.

**II. Parties' Theories of Case**

   **A. Plaintiff's Theory of Case.** The Plaintiff's theory of the case is set forth in the initial Complaint. The Plaintiff contends that while he was an inmate at the Rutherford County Jail he was sexually assaulted on December 30, 2010, by Officer Buford.

   **B. Defendant's Theory of Case.** The Defendant denies the allegations set forth in the Complaint.

**III. Schedule of Pretrial Proceedings**

   **A. Rule 26(a)(1) Disclosure.** This action is exempt from Rule 26 disclosures pursuant to Rule 26(f).

   **B. Meeting of Counsel and Parties to Discuss Settlement Prospects.** The parties are requested to discuss the possibility of resolution of this case short of trial. The parties are directed

to exchange offers and demands and the Defendant's counsel should provide the Court with a brief status of the progress of any settlement conferences on or before **August 1, 2011.**

    C.    **Other Pretrial Discovery Matters.** All discovery shall be completed by **September 17, 2011**. At the present time the parties do not believe either side will use expert witnesses. The deadline for filing dispositive motions shall be **October 18, 2011**. Responses will be due **28 days** after any dispositive motion is filed. These pleadings are limited to **25 pages**. Any reply shall be filed **14 days** after a response and is limited to **five pages**.

    The Plaintiff has written a letter to the Court complaining about he feels are unnecessary contacts by Officer Buford (Docket Entry 24). The Plaintiff is reminded that copies of all correspondence or pleadings he sends to the Court must also be sent to opposing counsel with an appropriate certificate of service:

> I certify that a copy of the foregoing **[insert name of your document]** has been served by **[insert whether by mail or certified mail]** upon E. Evan Cope and Thomas S. Santel, Jr. , Cope Hudson Reed & McCreary PLLC, 16 Public Square North, Murfreesboro, TN 37130, on **[insert date you mailed your document]**.
>
>                                     _____
>                                     Danny Lee Brewer ID 255889
>                                     Rutherford County Adult Detention Center
>                                     940 New Salem Highway
>                                     Murfreesboro, TN 37129
>                                     **[include your Warden's telephone number]**

At the case management conference the Magistrate Judge briefly discussed this issue with the parties. The Magistrate Judge is not in the business of managing the jail or attempting to set Officer Buford's official duties. Given the nature of the case, undoubtedly the less need for contact and certainly unofficial contact, needs to be kept to a minimum consistent with jail management.

The Defendant's counsel advised that they had attempted to take the deposition of a witness, but he had declined to testify about the substance of the incident because of perceived threats. The parties are free to file a motion to compel, if necessary.

The Plaintiff stated that he would need to take the deposition of a former inmate. Plaintiff should file a motion with the Court to take the deposition and in doing so provide the witness's name and address and a brief summary of what he anticipates the witness will say. The Magistrate Judge will then be in a position to rule whether a subpoena for the witness should issue.

**IV. Target Trial Date.** The Magistrate Judge believes that this case will be ready for trial on or after **March 21, 2012**, and estimates that it will take two days to try with a jury.

It is so **ORDERED.**

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge