UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

```
DANNY LEE BREWER,              )
                               )
        Plaintiff              )
                               )    No. 3:11-0074
v.                             )    Judge Campbell/Brown
                               )    Jury Demand
K. BUFORD #495,                )
                               )
        Defendant              )
```

# **O R D E R**

Presently pending are several motions in this matter. The first is a motion by Plaintiff to attend a federal court hearing scheduled for June 21, 2011 (Docket Entry 74). This motion is terminated as **MOOT**. The Court had originally scheduled a hearing in this matter for June 21st, but canceled the hearing by order (Docket Entry 71) on June 15, 2011. It appears that the Court's order to cancel the hearing and Plaintiff's motion to attend the hearing crossed in the mail.

The Magistrate Judge's order of June 15, 2011 (Docket Entry 71) did provide that Defendant was granted permission to continue the deposition with Mr. Brewer being available by telephone. The deposition was apparently rescheduled for July 12, 2011. According to the motion for sanctions (Docket Entry 78), at the appointed time the Plaintiff refused to participate in the deposition by telephone (Docket Entry 78-1). The motion for sanctions is **DENIED**. Since the deposition was properly notified and the Plaintiff declined to participate, there was nothing to

prevent the Defendant from continuing the deposition of Mr. Matheny. The fact that they chose to terminate the deposition was their own decision. There is certainly nothing to prevent them from taking an affidavit from Mr. Matheny to use in a motion for summary judgment, or to reschedule the deposition again with Plaintiff's ability to participate by telephone. This is not a criminal trial, and given the fact that the Plaintiff is an inmate, the Magistrate Judge believes that arrangements allowing Plaintiff to participate at a deposition by telephone is adequate under the circumstances.

Next is a motion to subpoena witnesses by the Plaintiff (Docket Entry 75). As a practical matter there is no real way for a Plaintiff to take pretrial discovery depositions as the Plaintiff would be responsible for tendering the witness the appropriate witness fee and mileage in accordance with Rule 45, as well as to make the necessary arrangements to have the deposition recorded by some means. The motion is therefore denied. While the Plaintiff is allowed to proceed in *forma pauperis*, there is no provision, as such, for the Court to pay these fees on behalf of the Plaintiff.

A request for subpoenas for witnesses to actually attend a trial and testify is a matter than can be considered at a later date.

Next is a motion entitled "Motion to Answer Deposition" (Docket Entry 81). The Magistrate Judge is not sure what this

motion is about. If the Defendant intends to take the deposition of the Plaintiff, he may do so, but he needs to give the Plaintiff a minimum of **seven days** of actual notice of the time of the deposition (*see* Docket Entry 25). Since the Magistrate Judge is unable to find a particular request in this motion, it is terminated as **MOOT**.

The final pleading is a motion to ascertain status of case by the Plaintiff (Docket Entry 82) and is **GRANTED**. This case is in the discovery stage and is governed by the scheduling order previously entered by the Magistrate Judge (Docket Entry 45). In case the Plaintiff no longer has this order, the **Clerk** is directed to send a copy to the Plaintiff.

It is so **ORDERED**.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge