UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

```
DANNY LEE BREWER,              )
                               )
        Plaintiff              )
                               )    No. 3:11-0074
v.                             )    Judge Campbell/Brown
                               )    **Jury Demand**
K. BUFORD #495,                )
                               )
        Defendant              )
```

TO: THE HONORABLE TODD J. CAMPBELL

## REPORT AND RECOMMENDATION

Presently pending is the Defendants' motion for summary judgment (Docket Entry 98). This motion is supported by a statement of undisputed material facts (Docket Entry 99); a memorandum of law (Docket Entry 100); a transcription of the depositions of the Plaintiff (Docket Entry 101); and copies of three unreported cases (Docket Entry 102). The Plaintiff has filed a response in opposition (Docket Entry 103).

For the reasons stated below, the Magistrate Judge recommends that the motion for summary judgment be **GRANTED** in part and **DENIED** in part. Specifically, the Magistrate Judge recommends that the motion be granted insofar as it seeks to preclude the Plaintiff's claim for mental and emotional damages. However, the motion should be denied insofar as it seeks to bar the Plaintiff from recovering nominal damages even in the absence of physical injury.

## BACKGROUND

The facts of this case are straightforward. The Plaintiff, in his complaint (Docket Entry 1), alleges that on December 30, 2010, he was sexually assaulted by the Defendant while he was a prisoner at the Rutherford County Adult Detention Center. He alleges that the Defendant grabbed him by the waist and placed his penis parts and front side against the Plaintiff's back side and stated, "Come here boy and give me some of that ass." He alleges that he suffers nightmares about the action taken by the officer.

The complaint itself is somewhat deficient in that it does not state specifically whether the Plaintiff is suing the Defendant in his official or individual capacity and Section 5 does not list any relief request other than trial by jury.

The Defendant denies that the conduct occurred.

There is no allegation of physical harm in the complaint and in his deposition (Docket Entry 101, Attach. 1, pp. 58, 81-82) the Plaintiff clearly testified that he did not suffer any physical injury and that the only injury he claims is mental or emotional.[1]

## LEGAL DISCUSSION

The standard of review for summary judgment is well known. 'Summary judgment is proper if the pleadings, depositions,

---

[1] The page references are to the transcript pages rather than the page numbers assigned by the ECF system.

2

answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law.' *Adams v. Rockafellow,* 66 Fed.Appx. 584 (6th Cir. 2003) (citing Fed.R.Civ.P. 56(c); *LaPointe v. UAW, Local 600,* 8 F.3d 376, 378 (6th Cir.1993).) 'If either party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case.' *Id. (*citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986).) 'Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment.' *Id.* (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-49, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986); *LaPointe,* 8 F.3d at 378.) 'The mere existence of a scintilla of evidence to support Plaintiff's position would be insufficient; there must be evidence upon which the jury can reasonably find for the Plaintiff.' *Id.* (citing *Anderson,* 477 U.S. at 252, 106 S. Ct. 2505.)

The Defendant's motion for summary judgment relies on 42 U.S.C.A. § 1997e(e). This section provides this limitation on recovery,

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional

facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.[2]

Surprisingly, there appears to be no published Sixth Circuit opinion on the reach of the statute. The Defendant cites an unpublished Sixth Circuit case, *Adams v. Rockafellow*, 66 F. Appx. 584 (6th Cir. 2003). In *Adams* the Sixth Circuit held that the Defendant was entitled to summary judgment on the prisoner's claim that he had been subjected to an unconstitutional strip search. It appears that the plaintiff only sought damages for mental or emotional injury with no showing of physical injury. Under those circumstances the Court affirmed the District Court's grant of summary judgment. This unpublished decision did not discuss whether claims for nominal damages, punitive damages, or other relief would be available.

Recent Sixth Circuit District Court opinions addresses this issue in great detail, *see Swackhammer v. Goodspeed*, 2009 WL 189854 (W.D. Mich. 2009). This opinion by Judge Bell recites an extensive history of the cases ruling on 1997e(e), particularly in the context of whether it applies to First Amendment claims. As Judge Bell points out,

> The majority of circuits that have considered the issue have concluded that § 1997e(e) does not bar claims for nominal damages, punitive damages, injunctive relief, or

---

[2]Although not relevant to this Report and Recommendation the Senate has passed Senate Bill 1925 on November 30, 2011, which would amend this section to add to the end of the sentence the words, "or the commission of a sexual act (as defined in § 2236 of Title 18, U.S.C.)." This Bill has not been enacted into law at the present time.

4

declaratory relief. *See Mayfield v. Texas Dep't of Criminal Justice,* 529 F.3d 599, 606 (5th Cir.2008) ('Despite the **limitations** imposed by § 1997e(e), we have recognized that a prisoner can, absent a showing of physical injury, pursue punitive or nominal damages based upon a violation of his constitutional rights.'); *Smith v. Allen,* 502 F.3d 1255, 1271 (11th Cir.2007) ('§ 1997(e) does not preclude a prisoner from seeking nominal damages if he can establish that he has suffered a constitutional injury.'); *Hughes v. Lott,* 350 F.3d 1157, 1162 (11th Cir.2003) (citing cases from the Second, Third, Seventh, Ninth, and Tenth Circuits that have interpreted § 1997e(e) not to preclude a prisoner from seeking nominal damages); *Thompson,* 284 F.3d at 416 ('Because Section 1997e(e) is a **limitation** on recovery of damages for mental and emotional injury in the absence of a showing of physical injury, it does not restrict a plaintiff's ability to recover compensatory damages for actual injury, nominal or punitive damages, or injunctive and declaratory relief.').

**\*3** Nominal damages are appropriate even if a prisoner cannot prove actual injury sufficient to entitle him to compensatory damages. *Hughes,* 350 F.3d at 1162 (citing *Carey v. Piphus,* 435 U.S. 247, 255, 98 S. Ct. 1042, 55 L.Ed.2d 252 (1978)); *Allah,* 226 F.3d at 251 ('[T]he Supreme Court recognized in both *Carey* and *Stachura* that certain absolute constitutional rights may be vindicated by an award of nominal damages in the absence of any showing of injury warranting compensatory damages. ') (citing *Memphis Cmty. Sch. Dist. v. Stachura,* 477 U.S. 299, 308 n. 11, 106 S. Ct. 2537, 91 L.Ed.2d 249 (1986); *Carey,* 435 U.S. at 266). *See also Wolfel v. Bates,* 707 F.2d 932, 934 (6th Cir.1983) (upholding an award of nominal damages where prison officials were properly held liable for violating a prisoner's First Amendment rights) (decided prior to enactment of § 1997e(e)) (citing *Carey,* 435 U.S. at 267).

In his amended complaint Plaintiff has requested declaratory and injunctive relief, compensatory damages for mental and emotional injuries, and punitive damages. (Dkt. No. 32, ¶¶ 107-24.) Although Plaintiff's complaint does not request an award of nominal damages, his *pro se* complaint requesting damages for violation of his constitutional rights will be liberally construed to assert such a request. The Court concludes that § 1997e(e) applies to a prisoner's First Amendment claims, and that it bars Plaintiff's claim for mental and emotional damages if he cannot show a physical injury.

> However, the Court also concludes that § 1997e(e) does not bar a prisoner from recovering nominal and punitive damages for First Amendment violations, even in the absence of physical injury. Accordingly, Defendant's motion for summary judgment will be denied.

*Swackhammer* at 1-3.

Another recent district court case, *Jones v. Price*, 696 F. Supp. 2d 618 (N.D. W.Va. 2010) provides an updated analysis and citation of cases concerning limitations of § 1997e(e). In the *Jones* case the inmate was subjected to a strip search in view of a female booking clerk. The court held that in the absence of a showing of physical injury § 1997e(e) bars an inmate from seeking compensatory damages for mental or emotional distress. The Court went on to say that it did not prevent an inmate from seeking nominal damages for the injuries, even where there was no physical injury. *Price* at 624.

The Magistrate Judge agrees with what appears to be the majority of courts considering this issue, that § 1997e(e) does bar claims for mental and emotional distress absent physical injury, but that it does not bar claims for nominal damages. The Magistrate Judge, however, believes that in the absence of a specific request for punitive damages or injunctive relief that those claims are not available to the Plaintiff at this late date. His complaint does not contain sufficient facts to justify punitive damages and there is nothing in his pleadings that put the Defendant on notice that the Plaintiff is seeking punitive damages or to allege facts which would meet a punitive damages "shock the

conscience standard." It appears that only claims of nominal damages under the above-cited case law remains.

The Magistrate Judge has given the *pro se* Plaintiff the benefit of the doubt to construe his complaint to include nominal damages. The Defendant's brief did not address this issue.

Accordingly, the Magistrate Judge recommends that the motion for summary judgment be **GRANTED** as to all claims except for nominal damages.[3]

**RECOMMENDATION**

For the reasons stated above, the Magistrate Judge recommends that the motion for summary judgment be **GRANTED** to the extent that all claims be barred except claims for nominal damages.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further

---

[3] If only nominal damages are available it is possible that neither side is entitled to a jury trial as requested since the amount in controversy will not exceed $20. If a jury trial is not required then the matter could be referred to the Magistrate Judge for a final evidentiary hearing and a report and recommendation as to the outcome of the factual disputes that remain in the case. However, the issue of a jury trial was not raised or briefed by either party and the Magistrate Judge does not make a separate recommendation concerning that issue in this Report and Recommendation.

7

appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

ENTERED this 29th day of December, 2011.

<u>/s/ Joe B. Brown</u>
JOE B. BROWN
United States Magistrate Judge