UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF TENNESSEE
                         NASHVILLE DIVISION

DANNY LEE BREWER,              )
                               )
        Plaintiff,             )
                               )
           v.                  )   NO.  3:11-0074
                               )   Judge Campbell/Brown
K. BUFORD #495,                )   Jury Demand
                               )
        Defendant.             )

TO: The Honorable Todd J. Campbell

## REPORT AND RECOMMENDATION

This case has an unusual procedural history. Both parties originally demanded a jury trial (Docket Entry Nos. 1[1] and 21). After Defendant's Motion for Summary Judgment was granted in part, limiting Plaintiff's alleged damages to nominal damages only, Defendant sought to have the case referred to the undersigned "for final evidentiary hearing and report and recommendation," alleging Plaintiff is not entitled to trial by jury. (Docket Entries 104, 107, 110). The question of Plaintiff's entitlement to a jury trial was then referred to the Magistrate Judge for a report and recommendation. (Docket Entry 114). The parties have briefed the issues. (Docket Entries 117, 118, 119). Defendant, who originally requested a jury trial, now claims there is no right to a jury trial because the amount in controversy is less than $20, and

---

[1] Plaintiff's request was not entirely clear since in the caption to his complaint he did not check a request for a jury trial. However, in his prayer for relief, Section 5f, he did request a jury trial although he did not request any other relief.

Plaintiff continues to demand a jury trial.[2]

The Seventh Amendment provides a right to a jury trial in civil cases where the amount in controversy exceeds twenty (20) dollars. Fed. R. Civ. P. 38(d) provides that "[a] proper [jury] demand may be withdrawn only if the parties consent." The Sixth Circuit recently clarified that this "Rule applies only to cases in which there is a Seventh Amendment right to a jury." *Whitson v. Knox County Bd. of Educ.*, 2012 WL 913708, *4 (6th Cir. Mar. 20, 2012). Therefore, the threshold question is whether Plaintiff is entitled to a jury trial if his only surviving claim is for nominal damages.

Tennessee courts have found nominal damages in amounts ranging from one cent to $300. *See Mr. Transmission, Div. of Intern. Transtech Corp. v. Yount*, 1988 WL 53339 (Tenn. Ct. App. May 27, 1988). In *Yount*, the court reduced an award of $1,000 for nominal damages for breach of contract to $10, finding that "[d]amages to be awarded in this case are the 'smallest appreciable quantity' since there was a failure to establish the existence of any damages whatsoever." *Id*. at 7. Claimants prevailing on federal civil rights violations have received up to $1,000 in nominal damages. *See Pembaur v. City of Cincinnati*, 882 F.2d 1101 (6th Cir. 1989).

---

[2] The Magistrate Judge noted this possibility in the Report and Recommendation. (Docket Entry 104).

Given the nature of nominal damages as the "smallest appreciable quantity," however, it is not necessarily accurate to say that an amount greater than twenty (20) dollars is in controversy in this case. In this respect, nominal damages are closer to a declaratory judgment than actual damages. However, the Magistrate Judge is mindful that the trial judge is free to use a jury regardless of the request of the parties. See <u>Moody v. Pepsi Cola Metropolitan Bottling Company, Inc.</u>, 915 F.2d 201 (6th Cir. 1990).The court in that case expressed a preference for trial by jury where it was within the Districts court's discretion. <u>Moody</u> at 207.

While the undersigned believes Plaintiff may not be entitled to a jury when his only claim is for nominal damages, in a case where the arguments are roughly equal and there is no clear deciding factor, the Magistrate Judge believes Plaintiff's request for a jury should be honored. Therefore, the Magistrate Judge **RECOMMENDS** Plaintiff's Motion (Docket Entry 118) be **GRANTED** and that this case be tried by jury.

It appears that all pretrial deadlines have passed and that this case is ready for trial at the convenience of the District Judge. The Magistrate Judge estimates that this case will take no more than two days, with or without a jury.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this

Recommendation, with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'q denied, 474 U.S. 1111 (1986).

**ENTERED** this 30th day of March 2012.

s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge